IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



IN THE MATTER OF THE COMPLAINT
OF MCALLISTER TOWING
OF VIRGINIA, INC. AS OWNER OF THE
TUG KATIE G. MCALLISTER

        **Limitation Plaintiff,**

v.                                                      CIVIL ACTION NO. 2:10cv595

UNITED STATES OF AMERICA,

        **Claimant.**

### *MEMORANDUM ORDER*

This matter is before the Court on the United States of America's Objections to the Magistrate Judge's Order on Second Motion for Sanctions and Motion to Vacate Judgment. This case was tried on October 18-20, 2011 and judgment was entered for Claimant on April 3, 2012. During pretrial discovery, Magistrate Judge Douglas E. Miller ("Magistrate Judge Miller") conducted multiple intense hearings with the parties regarding the United States' production of discovery materials. In the aftermath of those hearings, Magistrate Judge Miller imposed sanctions on the United States in the amount of $24,362.53 for the attorney fees Limitation Plaintiff expended in relation to the discovery violations. On this appeal, the United States argues that Magistrate Judge Miller had no authority to impose the sanctions and that the imposed sanctions are unwarranted. The United States has not challenged the accuracy or amount of the monetary sanctions.

First, Rule 72 of the Federal Rules of Civil Procedure grants Magistrate Judge Miller the authority to impose sanctions on the Government, providing:

1

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision . . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72. Therefore, all matters involving pretrial discovery were appropriately granted to Magistrate Judge Miller to resolve. "[T]he term 'pretrial matters' includes a great variety of motions and matters which arise in the preliminary processing of a case." *Robinson v. Eng*, 148 F.R.D. 635, 641 (1993). Courts have interpreted the term "pretrial matters" to refer generally to matters unconnected to the issues litigated at trial. *Id.* Furthermore, the Federal Magistrate Act provides that a magistrate judge has the authority to enter a final order over non-dispositive discovery matters. 28 U.S.C. § 636(b)(1)(A). The award of monetary sanctions against a party for discovery violations is a non-dispositive matter. *Collins v. TIAA-CREF*, 3:06-CV-304-RJC, 2009 WL 973106, at *1 (W.D.N.C. Apr. 8, 2009). Here, Magistrate Judge Miller appropriately exercised his authority to sanction the United States for its violation of discovery proceedings.

Second, the sanctions imposed by Magistrate Judge Miller were not unwarranted. The United States alleges that the Magistrate Judge imposed sanctions that were clearly erroneous because the discovery violations were not in bad faith, the discovery violations caused *de minimus* prejudice to the defense, the sanctions imposed were unrelated to the non-compliance and the sanctions were unnecessary to discourage future compliance.[1] (Mem. Supp. U.S.'s Objs., Jan. 13, 2012, ECF. No. 134). However, the Court evaluated the record and found that the United States engaged in evasive tactics throughout the discovery process. The United States

---

[1] The United States Court of Appeals for the Fourth Circuit developed a standard to determine whether a court should impose sanctions for discovery violations. The holding in *Belk v. Charlotte-Mecklenburg Board of Education* provided that a court should determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (*en banc*), *cert. denied*, 535 U.S. 986 (2002).

asserts that approximately 10,000 documents were created during the litigation period; however, there were still 45,000 documents that were disclosed untimely. Additionally, most of the documents that were directly related to the case were easily within the Government's reach. (Mem. Order at 5, Dec. 30, 2011, ECF. No. 132). Magistrate Judge Miller held multiple hearings to bring the United States in compliance. Only after four fully-briefed motions to compel did the United States produce a total of approximately 55,000 additional disclosures that were an integral part of McAllister's defense. *Id.* Hence, Magistrate Judge Miller acted appropriately in imposing the monetary sanctions.

The Court has carefully reviewed the entire record in this case and the objections to the Report set forth by the United States. Having done so, the Court finds that the Magistrate Judge's Order imposing sanctions was not clearly erroneous or contrary to law. Accordingly, the Court does hereby affirm the findings and sanctions set forth in Magistrate Judge Miller's Memorandum Order in the case at bar.

It is, therefore, **ORDERED** that the United States' Objections to the Magistrate Judge's Order on Second Motion for Sanctions and Motion to Vacate Judgment are **OVERRULED**.

The Clerk of the Court is **DIRECTED** to send a copy of this Order to counsel of record.

**IT IS SO ORDERED.**

/s/ Raymond A. Jackson
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
July 2, 2012